# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

RAYMOND ANTHONY SMITH, as Administrator of the Estate of George Eric Smith, deceased

and

Katherine Soulas, Executrix of the Estate of Timothy Soulas, deceased

                Plaintiffs,

v.

THE TALIBAN, et al.

                Debtors,

and

THE FEDERAL RESERVE BANK OF NEW YORK

                Garnishee.

CASE NO. 01-cv-10132-HB

**MEMORANDUM OF LAW IN SUPPORT OF THE SMITH-SOULAS CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN AND DA AFGHANISTAN BANK[1]**

    Judgment Creditors Raymond Anthony Smith, Administrator of the Estate of George Eric Smith, and Katherine Soulas, Executrix of the Estate of Timothy Soulas, (the "Smith-Soulas Creditors"), by and through their undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion for an Order Directing Alternative Service Upon the Taliban and Da Afghanistan Bank ("Taliban defendants").

---

[1] On 5 April 2022, Magistrate Judge Sarah Netburn entered an order in the September 11, 2001 Multidistrict Litigation (03-MD-01570 (GBD)(SN)) directing alternative service upon the Taliban and DAB with respect to the Havlish and Doe plaintiffs' respective pending motions to compel the Federal Reserve Bank of New York to turn over assets. Order attached hereto as Exhibit "B." The Smith/Soulas Plaintiffs seek the same remedies in this litigation, as the issues, defendants and garnishee are all identical.

1

**SMITH V. ISLAMIC EMIRATE OF AFGHANISTAN, ET AL.**
MEMORANDUM OF LAW IN SUPPORT OF THE SMITH-SOULAS CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN AND DA AFGHANISTAN BANK

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

## I.   BACKGROUND

As it relates to the September 11, 2001 terrorist attacks, this lawsuit is the first to obtain a Judgment, with the Honorable Harold Baer (dec.) holding an Inquest beginning on 28 February 2003, and entering his Order and Opinion on 7 May 2003 in favor of the Plaintiffs [ECF 25] against, *inter alia*, the Taliban and the Islamic Emirate of Afghanistan.  On 14 July 2003, the District Court entered Judgment [ECF 28] for plaintiffs.  On 22 February 2022, a Writ of Execution as to the assets of the Da Afghanistan Bank (DAB), claimed by the Taliban, was filed, and on 17 March 2022 served on the Federal Reserve Bank of New York.

On 11 February 2022, The President of the United States issued an Executive Order (Order and Fact Sheet attached as Exhibit "A") which has allocated certain frozen funds "[M]any U.S. victims of terrorism, including relatives of victims who died in the September 11, 2001 terrorist attacks, have brought claims against the Taliban and are pursuing DAB assets in federal court."  These funds are being "held in the United States by United States financial institutions," including the Federal Reserve Bank of New York (FRBNY)" and this Executive Order directs the blocked property to be transferred to a consolidated account to be held at the FRBNY.  Executive Order No. 14064, 87 Fed. Reg. 8391 (February 11, 2022).  This Executive Order specifically blocked "certain property of DAB" against which "representatives of victims of terrorism have asserted legal claims" or "indicated in public court documents an intent to make such claims." Id.

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

2

Smith v. Islamic Emirate of Afghanistan, et al.
Memorandum Of Law In Support Of The Smith-Soulas Creditors' Motion For An Order Directing Alternative Service Upon The Taliban And Da Afghanistan Bank

This lawsuit, for which a Judgment was secured in 2003 against the Taliban defendants, and a Writ of Execution Served on the FRBNY on 17 March 2022, is exactly what the Executive Order is designed to address and compensate, hence this Motion.

Plaintiffs are concomitantly filing a Motion to Compel Asset Turnover in accord with of the assets, all of which are designed to satisfy the 14 July 2003 Judgment entered by Judge Baer, the 22 February 2022 Executive Order, and the Plaintiffs' Writ of Execution.

## II.   THE LAW

### A.   Methods for Alternative Service Are Appropriate in this Matter.

When a judgment creditor moves pursuant to Federal Rule of Civil Procedure 69(a) and Section 5225(b) of the N.Y. C.P.L.R.(i.e., in accordance with state execution procedure as required by Rule 69(a)) for the turnover of assets in which a judgment debtor has an interest, "[n]otice of the proceeding shall . . . be served upon the judgment debtor in the same manner as a summons." N.Y. C.P.L.R. § 5225(b). Federal Rule of Civil Procedure 4(h)(2) provides that foreign associations, such as the Taliban which is a defaulting party-defendant in this action, are to be served pursuant to Rule 4(f).  Rule 4(f) permits service by:  (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by [certain other specified methods] reasonably calculated to give

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (fax)
www.beasleyfirm.com

3

Smith v. Islamic Emirate of Afghanistan, et al.
Memorandum Of Law In Support Of The Smith-Soulas Creditors' Motion For An Order Directing Alternative Service Upon The Taliban And Da Afghanistan Bank

notice …; or (3) by other means not prohibited by international agreement[2], as the court orders. Fed. R. Civ. P. 4(f).

As the District Court wrote ***in this action***, when these plaintiffs sought permission for alternative service of initial Process, wrote:

> [t]he contours of FRCP 4(f)(3) are not precisely demarcated. The rule was 'adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries'(citation omitted). . . .[***What constitutes appropriate service will vary depending upon the particular circumstances of the case***. Read expansively, the only limit on a court's discretion in applying FRCP 4(h) is that the method of service not be prohibited by an international agreement and that it comply with the Due Process Clause of the Fourteenth Amendment. Even when the Federal Rules authorize the use of an alternative method of service due process requires an inquiry into whether that method of service is reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Among the alternative methods of service that courts have countenanced are service by mail to the defendant's last known address, publication . . . and e-mail to a consistently used address.

Smith v. Islamic Emirate of Afghanistan, No. 01 Civ. 10144 (HB), 2001 U.S. Dist. LEXIS 21712 at *7 (S.D.N.Y. Dec. 20, 2001)(internal citations omitted; emphasis addded).

**B. Service by Publication upon the Taliban and the DAB is permissible and has been authorized on 5 April 2022 in Havlish v. Bin Laden (In re Terrorist Attacks on September 11, 2001), No. 03-MD-01570 (GBD)(SN), 2022 U.S. Dist. LEXIS 63505 (S.D.N.Y. Apr. 5, 2022)**

On 5 April 2022, the Honorable Magistrate Judge Sarah Netburn Ordered that, for parties that have a Writ of Execution and Turnover Motion for the assets frozen by the Executive Order at issue, the following methods of Alternative Service:

---

[2] Although Federal Rule of Civil Procedure 4(f)(1) permits service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents," Afghanistan is not a signatory to the Hague Convention. Thus, there is no "internationally agreed means of service" pursuant to which the Taliban (Afghanistan) may be served. Fed. R. Civ. P. 4(f)(1).

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

4

SMITH V. ISLAMIC EMIRATE OF AFGHANISTAN, ET AL.
MEMORANDUM OF LAW IN SUPPORT OF THE SMITH-SOULAS CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN AND DA AFGHANISTAN BANK

**As to the Taliban:**

- By publication at least once in each of four (4) consecutive weeks, in the manner specified in N.Y. CPLR Rule 316, in *Al Quds Al-Arabi* and *The New York Times*; AND

- Via Twitter, through communication to the Twitter accounts of Taliban First Deputy Prime Minister Abudllah Azzam (@Abdullah_azzam7) and Taliban political spokesman Mohammad Naeem (@IeaOffice), or to any other Twitter accounts reported to belong to Taliban spokespersons.

**As to the DAB:**

- By publication at least once in each of four (4) consecutive weeks, in the manner specified in N.Y. CPLR Rule 316, in *Al Quds Al-Arabi* and *The New York Times*; AND

- Via e-mail to DAB's official e-mail account, info@dab.gov.af, which is posted as DAB's official e-mail account on the official website of DAB, located at http://dab.gov.af/; AND

- Via Twitter, through communication to the official Twitter account of DAB, @AFGCentralbank, which is linked to on the official website of DAB;

- If feasible, via personal delivery to the central offices of DAB located at Ibni-Sina Watt, Kabul, Afghanistan or via any other means authorized under the laws of Afghanistan.

Judge Netburn's Order regarding Alternative Service is uniquely applicable to this lawsuit. As this was the first lawsuit with a Judgment against the Taliban and Islamic Emirate of Afghanistan (among other terrorists) for the September 11, 2001 terrorist attack and resultant murders of the plaintiffs' decedents, and that these plaintiffs properly filed and served on the FRBNY a Writ of Execution, permitting alternative service such as that Ordered by Her Honor is appropriate and required.

Where, as here with regard to the Taliban, the address of a foreign defendant is unknown or where traditional methods of service would not be feasible, courts within the Second Circuit have authorized service by publication on a foreign defendant. See,

5

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

SMITH V. ISLAMIC EMIRATE OF AFGHANISTAN, ET AL.
MEMORANDUM OF LAW IN SUPPORT OF THE SMITH-SOULAS CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN AND DA AFGHANISTAN BANK

e.g. Hausler v. JP Morgan Chase Bank, N.A., 141 F. Supp. 3d 248 (S.D.N.Y. 2015). Moreover, service upon the Taliban via publication would comport with state law. The district court in SEC v. Anticevic, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480 (S.D.N.Y. Feb. 8, 2009) succinctly observed:

> Although a court is permitted to order service by publication pursuant to the Federal Rules of Civil Procedure, these rules provide no guidance as to how that publication should be effectuated or what content the publication should contain. . . .
>
> Federal courts may use forum state law to govern how service by publication is effectuated (citations omitted) The Court agrees that forum state law should govern in the instant case.

SEC v. Anticevic, No. 05 CV 6991 (KMW), 2009 U.S. Dist. LEXIS 11480 at *12 (S.D.N.Y. Feb. 8, 2009). The District Court also summarized the applicable New York law as to service by publication:

> Rule 316 of New York Civil Practice Law and Rules provides that an order for service by publication shall:
>
> …. direct that the summons be published together with the notice to the defendant, a brief statement of the nature of the action and the relief sought, and . . . the sum of money for which judgment may be taken in case of default . . . in two newspapers, at least one in the English language, designated in the order as most likely to give notice to the person to be served, for a specified time, at least once in each of four successive weeks…
>
> Rule 316 also provides the following timing requirements: (1) the first publication of the summons must occur within thirty days of the date of the order granting service by publication; and (2) service by publication is complete on the twenty-eighth day after the day of first publication.

Anticevic, 2009 U.S. Dist. LEXIS 11480 at *13.

Authorizing service by publication, the District Court in Anticevic "adopted all applicable elements of Rule 316." Id. The District Court in Anticevic further noted that

The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.8360 (FAX)
www.beasleyfirm.com

6

Smith v. Islamic Emirate of Afghanistan, et al.
Memorandum Of Law In Support Of The Smith-Soulas Creditors' Motion For An Order Directing Alternative Service Upon The Taliban And Da Afghanistan Bank

"[a] plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3). <u>Anticevic</u>, 2009 U.S. Dist. LEXIS 11480 at *8.

The approved methods of Alternative Service as Ordered by the Honorable Magistrate Judge Netburn in Havlish, and Judge Baer's Opinion and Order in this case are appropriate and necessary for the parties in this matter to effectuate proper service on these defendants. Finally, the Taliban and DAB have acknowledged awareness of the President's Executive Order and freezing of the has actual knowledge of this litigation. <u>See</u> <u>Havlish v. Bin Laden</u> (<u>In re Terrorist Attacks on September 11, 2001</u>), No. 03-MD-01570 (GBD)(SN), 2022 U.S. Dist. LEXIS 63505 *7, *13 (S.D.N.Y. Apr. 5, 2022). Accordingly, service on the Taliban and the DAB in accord with the methods authorized in <u>Havlish</u> is appropriate and comports with due process.[3]

REMAINDER OF THIS PAGE INTENTIONALLY BLANK

---

[3] It is respectfully requested that service via publication upon the Taliban and Da Afghanistan Bank follow the directive of Magistrate Judge Netburn as set forth in her 5 April 2022 Order, in compliance with N.Y. C.P.L.R. Rule 316. That is, publication once a week for four weeks in *Al Quds Al-Arabi* and *The New York Times*.

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

7

SMITH V. ISLAMIC EMIRATE OF AFGHANISTAN, ET AL.
MEMORANDUM OF LAW IN SUPPORT OF THE SMITH-SOULAS CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN AND DA AFGHANISTAN BANK

### III. CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court permit alternative service upon the Taliban and Da Afghanistan Bank in accord with The Honorable Magistrate Judge Netburn's Opinion and Order as reflected in the proposed Order, attached hereto.

Respectfully submitted,

THE BEASLEY FIRM, LLC

By: _____
JAMES E. BEASLEY, JR., ESQUIRE
The Beasley Building
1125 Walnut Street
Philadelphia, PA 19107
215.592.1000
215.592.1523 (telefax)
Attorney (*Pro Hac Vice*) for Plaintiffs

THE BEASLEY FIRM, LLC
1125 WALNUT STREET
PHILADELPHIA, PA 19107
215.592.1000
215.592.8360 (FAX)
WWW.BEASLEYFIRM.COM

8

SMITH V. ISLAMIC EMIRATE OF AFGHANISTAN, ET AL.
MEMORANDUM OF LAW IN SUPPORT OF THE SMITH-SOULAS CREDITORS' MOTION FOR AN ORDER DIRECTING ALTERNATIVE SERVICE UPON THE TALIBAN AND DA AFGHANISTAN BANK