UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

> *Havlish, et al., v. Bin-Laden, et al.*, No. 03-cv-9848 (GBD) (SN)
> *John Does 1 through 7 v. the Taliban, et al.*, No. 20-mc-740 (GBD) (SN)
> *Federal Insurance Co., et al. v. Al Qaida, et al.*, No. 03-cv-6978 (GBD) (SN)
> *Smith v. the Islamic Republic of Iraq*, No. 01-cv-10132 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Before this Court are letters from Osen LLC and Freshfields Bruckhaus Deringer US LLP requesting a scheduling order by which they may file separate motions for leave to submit briefs as *amici curiae*. In response to Magistrate Judge Sarah Netburn's August 26, 2022 Report and Recommendation, (the "Report," ECF No. 8463), the Judgment "Joint Creditors"[1] submitted a consolidated brief of objections to the Report, (the "Objections," ECF No. 8733). Osen LLC is considering whether to submit a brief on interpretations of the Terrorism Risk Insurance Act of 2002 ("TRIA") in the Report and the Objections. (*See* "Osen Letter," ECF No. 8763.) Similarly, Freshfields Bruckhaus Deringer US LLP is considering whether to submit a brief on their interpretations of TRIA. (*See* "Freshfields Letter," ECF No. 8771.) Neither law firm sought permission to submit an *amicus* brief prior to Magistrate Judge Netburn's Report. For the reasons stated herein, the requests in the Osen Letter and Freshfields Letter are DENIED.

"There is no governing standard, rule or statute prescrib[ing] the procedure for obtaining leave to file an *amicus* brief in the district court." *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg.*

---

[1] The Joint Creditors are Judgment Creditors Fiona Havlish, *et al.* (the "Havlish Creditors"), Judgment Creditors John Does 1 through 7 (the "Doe Creditors"), Judgment Creditors Federal Insurance Co., *et al.* (the "Federal Insurance Creditors"), and Judgment Creditors Estate of Smith, *et al.* (the "Smith Creditors"). (*See* Objections, at 1.)

*Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014) (citations and internal quotation marks omitted). Instead, the decision to grant leave to file a brief as *amicus curiae* is in the firm discretion of the court. *Id.* (citing *Jamaica Hosp. Medical Center, Inc. v. United Health Group, Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008)); *see also United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992), *aff'd*, 980 F.2d 161 (2d Cir. 1992). Nevertheless, this Court looks to the Federal Rules of Appellate Procedure, which provides a rule for the filing of an *amicus* brief, and also considers the instances when an *amicus* brief serves a laudable, rather than distractive, purpose. *See Lehman XS Tr., Series 2006-GP2*, 2014 WL 265784, at *1.

Rule 29 of the Federal Rules of Appellate Procedure states that "[t]he United States or its officer or agency or a state may file an *amicus* brief without the consent of the parties or leave of court. Any other *amicus curiae* may file a brief only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a)(2). "A court may grant leave to appear as an *amicus* if the information offered is 'timely and useful.'" *Lehman XS Tr., Series 2006-GP2*, 2014 WL 265784, at *2 (quoting *Waste Mgmt of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). The Seventh Circuit provides a persuasive, albeit non-binding, test for whether an *amicus* brief is useful:

> An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . ., or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (internal citation omitted); *see also Lehman XS Tr., Series 2006-GP2*, 2014 WL 265784, at *2 (quoting same).

Applying the Appellate standard demonstrates the inadequacy of the requests in the Osen Letter and Freshfields Letter. While "[t]he United States or its officer or agency" does not require

leave of the court to file an *amicus* brief, *see* Fed. R. App. P. 29(a)(2), the Letters fail to state that their clients are officers of the United States or even identify a single person the law firms purport to represent, beyond amorphous groups of "former" policymakers. (*See* Osen Letter ("Our law firm . . . has been in contact with several former members of Congress who either authored or co-sponsored TRIA. . . . [W]e anticipate filing a motion for leave to submit an *amicus* brief on behalf of those members of Congress . . . ."); Freshfields Letter ("We are in contact with a number of former senior government officials with expertise in national security and foreign relations law. . . . We anticipate filing a motion for leave to submit an *amicus* brief on behalf of these officials . . . .").) Rather, the Letters state that they intend to seek *leave* to file *amicus* briefs in this Court on behalf of former members of Congress and former government officials. (*See id.*)

This Court finds the Letters' requests unhelpful and untimely. Soon after the collapse of the Islamic Republic of Afghanistan and subsequent takeover by the Taliban in August 2021, various creditors in this case obtained writs of execution targeting the Da Afghanistan Bank funds at the Federal Reserve Bank of New York. (*See generally* Report at 6–9.) The creditors moved for turnover of the assets and filed ample briefing supporting their motions. (*See id.*) The United States took no position on whether the Judgment Creditors had satisfied TRIA's requirements. (*See* United States' Statement of Interest, ECF No. 7661, at 19–20.) Magistrate Judge Netburn also received and accepted four *amicus* briefs between March 30 and April 29, 2022, (*see* Report at 10–11), before issuing the Report on August 26, 2022. Now, nearly seven months after the last accepted *amicus* brief and three months after Magistrate Judge Netburn issued her Report, the Letters request a scheduling order for submission of their proposed *amicus* briefs 45 days in the future. They are too late.

This Court also deems the Letters' requests not to be useful under the Seventh Circuit's test. Magistrate Judge Netburn already accepted *amicus* briefs from interested parties before her

determination. Plaintiffs are also represented by capable and skilled counsel, and this Court has granted the parties leave to engage in a modified and expanded briefing process affording ample opportunity to address interpretations of TRIA. (*See, e.g.*, Order Granting Extension Request for Objections, ECF No. 8611; Order on Length and Structure of Objections, ECF No. 8730.) Second, not knowing the identity of *amici* leaves this Court unable to determine if they possess "an interest in some other case that may be affected by the decision in the present case." *Cf. Ryan*, 125 F.3d at 1063. Finally, the Letters fail to persuade the Court that the *amici* have "information or perspective" beyond what the attorneys for the parties have already provided. *Cf. id.* Notwithstanding the belated offer of the opinions of former members of Congress and former senior government officials, "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U.S. 137, 177 (1803). As a federal statute, TRIA is inherently a "settlement" and "grand bargain" from Congress that sought to balance potentially conflicting goals. *See Sturgeon v. Frost*, 139 S. Ct. 1066, 1083, 1087 (2019). The law is what the statute says it is, not what a group of former congressmembers or government officials wished it to be.

Therefore, the Court does not find that it will benefit from further briefing at this late future date from the proposed *amici curiae*. The letter requests from Osen LLC and Freshfields Bruckhaus Deringer US LLP are DENIED.

Dated: November 29, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge